UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rata Meniooh,<br><br>        Plaintiff,<br><br>    v.<br><br>Humbolt County, et al.,<br><br>        Defendants. | Case No. C-16-0715 (CRB)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Pro se Plaintiff Rata Bey Meniooh ("Meniooh") filed this action pursuant to the Federal Civil Rights Act, 42 U.S.C. §1983, alleging violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and pursuant to California state law, California Penal Code §4030, §147, and §149, and the Bane Civil Rights Act, California Civil Code §52 and §52.1(b). See generally FAC (dkt. 55) ¶¶ 3–4. Meniooh seeks declaratory and injunctive relief, damages, and to invalidate and prohibit the enforcement of certain regulations and codes. See generally FAC at 30–32.

Defendants Michael T. Downey and Humboldt County ("County defendants") have now filed a second motion to dismiss, citing Federal Rules of Civil Procedure 8(a) and 12(b)(6). See generally County MTD II (dkt. 60).

As explained below, the Court GRANTS the motion to dismiss without leave to amend as to both County defendants.

**I.     BACKGROUND**

    **A.     Factual Allegations**

Meniooh alleges that on October 24, 2012, Humboldt County police officers "manufacture[d] false evidence" and arrested him for driving on a suspended license[1] due to a prior driving under the influence ("DUI") conviction.[2] FAC ¶ 32. Meniooh asserts that the officers did not have probable cause to arrest him. Id. ¶ 33. Meniooh claims that the police issued a bench warrant for his arrest shortly after his release from custody, but that the County did not provide him with a copy of the warrant, which violated California Penal Code §872. See id. ¶ 34. On April 23, 2013, Humboldt County officers arrested Meniooh pursuant to the outstanding bench warrant. Id. ¶ 35. Meniooh remained incarcerated from April 23 to April 28, 2013. Id.

On April 30, 2015, Meniooh alleges that a Humboldt County police officer unlawfully stopped him while he was driving and arrested him. Id. ¶ 36. The officer issued Meniooh a notice to appear for violating California Vehicle Code §14601.1—driving when privilege revoked or suspended. Id. Meniooh claims that he was pulled over for violating California Vehicle Code §22108—failure to signal—and that the officer chose not to record the offense. Id.

On May 4, 2015, Meniooh appeared before the Eureka Superior Court but was not on the court's calendar. Id. Meniooh alleges that Humboldt County did not file notice with the Court Clerk, but instead on May 7, 2015, executed an "accusatory complaint," for driving on a suspended license. Id. Meniooh claims that he "discovered" this complaint on May 20, 2016. Id.

Meniooh further alleges that Humboldt County held preliminary examinations and scheduled his arraignment for May 8, 2015 without providing Meniooh with seven days to answer the complaint. Id. at ¶ 37. Meniooh claims that he "withdrew from unlawfully and malice prosecution" on May 10, 2015, thereby "enforcing his State and Federal Constitutional rights." Id.

---

[1] The California Department of Motor Vehicles ("DMV") suspended Meniooh's driving privileges as of August 1, 2007, pursuant to California Vehicle Code §13365. See Jud. Notice I, Ex. A. (dkt. 20).
[2] According to the California DMV's records, police arrested Meniooh on November 27, 2004, for driving under the influence; this resulted in a criminal conviction and administrative suspension of his driving privileges. See Jud. Notice I, Ex. B.

On May 14, 2015, Humboldt County issued a bench warrant for Meniooh's arrest for a probation violation; Meniooh alleges that this warrant "caused an injury and violated his rights." See id. ¶ 8.

On June 5, 2016, Officers arrested Meniooh and placed him in the custody of Humboldt County Jail, where Meniooh claims that officer L. Myers used unreasonable and excessive force to remove his religious/spiritual initiation beads. See id. ¶ 39. Meniooh alleges that he never received a copy of the bench warrant and that the Court Clerk did not file a certificate of service on May 5, 2016. Id. ¶ 40.

### B. Procedural Background

On February 11, 2016, Meniooh filed a complaint for damages and injunctive relief against the State of California; Governor Edmund G. Brown, Jr.; Attorney General Kamala D. Harris; the California State Transportation Agency; the California DMV; Jean Shiomoto, the director of the DMV; the California Superior Courts Agency; the California Law Enforcement Agency; the California Department of Justice; various employees of the California Superior Court Agency; Humboldt County; and Humboldt County Police Officer Michael T. Downey. See generally Compl. (dkt. 1).

On March 29, 2016, the County defendants moved to dismiss Meniooh's action based on Federal Rules of Civil Procedure 8(a) and 12(b)(6). See County MTD I (dkt. 16). The County defendants amended their motion to dismiss on March 29. See County Am. MTD I (dkt. 17). The County defendants requested judicial notice of (A) the order of suspension issued by the California DMV, suspending Menooih's driving privileges, and (B) a certified copy of DMV records. See Jud. Notice I, Exs. A, B (dkt. 20).

The State of California, California State Transportation Agency, California DMV, Commission on Peace Officer Standards and Training, Governor Edmund G. Brown Jr., and Attorney General Kamala D. Harris ("State defendants") filed their motion to dismiss on May 5, 2016, citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See generally State MTD

3

(dkt. 18).

On May 10, 2016, California Superior Courts Agency and the Superior Court County for the County of Humboldt ("Judicial defendants") moved to dismiss Meniooh's complaint, citing Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Judicial MTD (dkt. 24).

On June 24, 2016, the Court dismissed Meniooh's complaint with prejudice as to the Judicial and State defendants, and directed Meniooh to file an amended complaint as to the County defendants. See Order MTD (dkt. 52). On November 10, 2016, Meniooh filed his FAC. See generally FAC. The FAC contains 13 counts[3] pursuant to the Federal Civil Rights Act, 42 U.S.C. §1983, alleging violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, and pursuant to California state law, California Penal Code §4030, §147, and §149, and the Bane Civil Rights Act, California Civil Code §52 and §52.1(b). Id.

On November 13, 2016, the County defendants moved to dismiss Meniooh's FAC, citing Federal Rules of Civil Procedure 8(a) and 12(b)(6). See generally County MTD II. The County defendants requested judicial notice of Meniooh's (A) state civil rights complaint for the violation of California court rules and assault, and (B) the answer to that complaint. See Jud. Notice II (dkt. 60-1).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement. . .showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, under Rule 8(a)(2), a "trial court [is not required] to create a claim which [the] plaintiff does not spell out in his pleading." Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975). Complaints that assert "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Twombly. Ashcroft v. Iqbal, 556 U.S. 662,

---

[3] Meniooh's FAC does not present the counts in a clear fashion. Many of the counts overlap and do not obviously relate to particular allegations or defendants.

4

678 (2009). Rather, an "entitlement to relief" requires "more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above a speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Moreover, the plaintiff must include a sufficient "factual enhancement" that crosses "the line between possibility and plausibility." Id. at 556–57. The pleading standard represents a balance between a relatively liberal notice pleading and the need to prevent "a plaintiff with a largely groundless claim" from "'tak[ing] up the time of a number of other people." Id. (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)). Finally, dismissal is warranted when the complaint lacks a cognizable legal theory or when the complaint contains insufficient facts under a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Courts must construe factual allegations challenged by a Federal Rule of Civil Procedure 12(b)(6) motion in the light most favorable to the nonmoving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). In addition, pro se litigants are given greater leeway in the interpretation of their pleadings. Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). However, the pleadings must provide the defendants with sufficient notice of the allegations against them. Id. Pro se litigants are still bound by the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

A court has discretion to deny leave to amend because of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**III. DISCUSSION**

As discussed below, Meniooh is not entitled to relief. Meniooh has (A) failed, despite

5

having leave to amend, to state a claim upon which relief may be granted for his claims based upon his loss of driving privileges, see Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6); (B) filed claims that are barred by California's two-year statute of limitations for personal injuries; and (C) failed, despite having leave to amend, to state a claim upon which relief may be granted for his claims based upon his incarceration, see Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 12(b)(6).

### A.    Claims Based Upon Loss of Driving Privileges

Meniooh fails to clarify what the County defendants did in connection with the loss of his driving privileges, and thus counts two through thirteen, as they pertain to loss of driving privileges, fail as a matter of law. See FAC at 20–30.

Meniooh provides a limited, unclear description of various events allegedly relating to his loss of driving privileges. See generally FAC. He does so without citing specific acts or omissions that the County defendants committed. Meniooh's only possible claim relates to the County defendants' alleged impingement upon Meniooh's constitutional right to "freedom of movement." See FAC at 10. Yet, citations issued under the California Vehicle Code do not implicate federally protected rights even in the context of alleged constitutional violations. See City of Los Angeles v. David, 538 U.S. 715 (2003); see also Kennett v. Mun. Court, Los Angeles Judicial Dist., Los Angeles Cty., State of Cal., 290 F. Supp. 746 (C.D. Cal. 1968) (finding that under California Vehicle Code, arresting police officer did not violate petitioner's constitutional rights by requiring petitioner to display driver's license prior to issuing Miranda warning).

Moreover, in his opposition to the County defendant's motion to dismiss, Meniooh again fails to describe specific acts or omissions that the County defendants committed. Instead, Meniooh simply states: "this topic will be fully elaborated at the trial." Opp'n to County MTD II (dkt. 61) at 3.

Because Meniooh does not set forth a short and plain statement showing entitlement to relief as to either County defendant, or state a claim upon which relief may be granted as to either

County defendant, counts two through thirteen, as they pertain to loss of driving privileges, fail.

### B.     Claims Arising from 2012 and 2013 Arrests and Prosecutions

Meniooh's claims as they pertain to his 2012 and 2013 arrests and prosecutions are barred by California's two-year statute of limitations for personal injury actions. See Cal. Code of Civ. Pro. §335.1. Meniooh cites his 2012 and 2013 arrests and prosecutions in count eight of his FAC only. See FAC at 26.

In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury actions in the forum state. See Azer v. Connell, 306 F.3d 930, 935 (9th Cir. 2002). As of January 1, 2003, California's limitation period for personal injury actions is two years. See Cal. Code of Civ. Pro. §335.1; see also 2002 Cal. Legis. Serv. Ch. 448 (S.B. 688) (West). The Ninth Circuit has held that California's updated statute of limitations for personal injury actions applies to section 1983 suits in federal court. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); see also DeGrassi v. City of Glendora, 207 F.3d 636, 644 (9th Cir.2000).

Although state law determines the length of the limitations period, "federal law determines when a civil rights claim accrues." Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000). Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999)). Importantly, for an injury allegedly resulting from conspiracy, accrual is determined by the "last overt act doctrine," whereby injury and damage "flows from the overt acts, not from the mere continuance of a conspiracy." Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir. 1986).

Meniooh is effectively barred from bringing claims based on his 2012 and 2013 arrests or prosecutions. Meniooh argues that Humboldt County convicted him of a traffic violation, sentenced him to 10 days imprisonment, and failed to provide him with a copy of the subsequent

bench warrant, in violation of California Penal Code §842.  FAC ¶ 34.  He further alleges that on April 23, 2013, police officers arrested him on a warrant "without probabl[e] cause," and impermissibly confined him from April 23 to April 28, 2013.  See id. ¶ 35.  These claims are beyond the scope of California's two-year statute of limitations for personal injury actions.  See Cal. Code of Civ. Pro. §335.1.  In 2012 and 2013, when the incidents occurred, Meniooh knew or had reason to know of the injury, which was the basis of his current action.  See Knox v. Davis, 260 F.3d 1009, 1013 (9th Cir. 2001).

Moreover, as discussed in Section II.A, Meniooh has not specified his injuries or the actions taken by the County defendants that entitle him to relief.  In both his FAC and opposition to the County defendant's motion to dismiss, Meniooh provides no evidence of "overt acts" of conspiracy committed by the County defendants.  See Gibson, 781 F.2d at 1340.  Likewise, neither Meniooh's allegations nor the documents he attaches to his FAC support such conspiracy.

As such, Meniooh's claims relating to the 2012 and 2013 arrests and prosecutions fail.

### C.      Claims Based Upon Meniooh's June 2016 Incarceration

The final set of claims Meniooh asserts in his FAC pertain to count one: his incarceration in the Humboldt County Correction Facility in June 2016.  The County defendants' Motion to Dismiss initially argued that count one should be dismissed pursuant to the Colorado River abstention doctrine and its progeny, see County MTD II at 6−7, but it subsequently came to light that Meniooh had dismissed his state law suit, see County Reply (dkt. 63) at 1.  The Court nonetheless dismisses this claim as it relates to the June 2016 incarceration for failure to state a claim.[4]

Supervisors are only personally liable when they participated in, directed, or knew of the

---

[4] Meniooh is proceeding in forma pauperis.  See Order on Motion to Proceed IFP (dkt. 9). Pursuant to 28 U.S.C. § 1915((e)(2)(B), the Court shall dismiss a case at any time if it determined that the action fails to state a claim on which relied may be granted.

alleged constitutional violations and failed to intervene or prevent them. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The FAC fails to allege that Defendant Downey was involved in any way in Meniooh's incarceration. Moreover, to hold a municipality liable for a constitutional violation, a plaintiff must demonstrate that (1) the plaintiff possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) this policy amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. Van Ort v. Estate of Michael Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). The FAC fails to allege that a County policy was the moving force behind any constitutional violation Meniooh experienced. Rather, the FAC complains that a single individual, a deputy "L. Myers,"[5] used unreasonable force in removing Meniooh's prayer beads upon booking. See FAQ ¶ 39. Meniooh's allegations about a "serious need for medical attention" as a result of "his personal belongings [being] forcefully ripped off"−which he characterizes as an "assault"− are conclusory and also fail to state a claim under Monell. See id. ¶¶39, 70. Despite having been given leave to amend his claims against the County, Meniooh still fails to allege that the County was in any way responsible for the alleged harm. Accordingly, count one fails as to both the County and Downey.

## IV.   CONCLUSION

For the foregoing reasons, and in light of Meniooh's "repeated failure to cure deficiencies" in and "futility of the amendment[s]" to his FAC, the Court GRANTS the motion to dismiss without leave to amend as to both County of the served defendants. See Leadsinger, 512 F.3d at

//

//

---

[5] At the motion hearing, Meniooh agreed that L. Myers had not yet been served; County counsel speculated that this might be because L. Myers was not named as a defendant in the original complaint.

532 (9th Cir. 2008).

**IT IS SO ORDERED.**

Dated: December 19, 2016

CHARLES R. BREYER
United States District Judge